**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Quang Le PHAN, Defendant—Appellant.**

No. 03–50134.

D.C. No. CR–02–00891–GAF–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided March 4, 2004.

Ronald L. Cheng, Esq., Thomas E. Loeser, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

Before B. FLETCHER, PREGERSON, and FERGUSON, Circuit Judges.

MEMORANDUM *

Quang Le Phan ("Phan") appeals his conviction and sentence for knowing possession of counterfeit securities under 18 U.S.C. § 513(a). On appeal, Phan contends that: 1) insufficient evidence supports his conviction; 2) the trial court erred in denying his request for a four-level "minimal role" adjustment in sentencing; and 3) the trial court abused its discretion in sentencing him according to the full value of the counterfeit checks that he and his co-defendants attempted to sell. We have jurisdiction over Phan's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm the judgment of the District Court.

After a trial in the Central District of California, Phan was convicted of possession of counterfeit securities and sentenced

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**110**

to 21 months imprisonment and two years of supervised release. We do not repeat additional factual or procedural background of the case except as necessary, as that background is known to the parties.

## 1. Sufficiency of the Evidence

■ This Court reviews claims of insufficient evidence de novo. *United States v. Odom,* 329 F.3d 1032, 1034 (9th Cir.2003). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Here, the jury may have found Phan guilty of possession of counterfeit securities based on either direct liability or on the theory that he aided and abetted his co-defendants. To establish direct liability, the government had to prove both that Phan possessed counterfeit securities and that he had the intent to deceive. 18 U.S.C. § 513(a). Possession may be actual or constructive. *Rodella v. United States,* 286 F.2d 306, 311–12 (9th Cir.1960). We have previously held that a driver's conduct in support of a passenger's efforts to dispose of contraband could establish that he jointly possessed the contraband. *United States v. Chambers,* 918 F.2d 1455, 1458 (9th Cir.1990). Based on *Chambers,* Phan's conduct as the driver of a vehicle participating in a delivery of counterfeit checks could establish his constructive joint possession of the checks. Knowing that "something illegal was going on" and that his passenger had the counterfeit checks with him, Phan drove to the "meet" location where the checks were to be delivered to waiting undercover government agents, observed the initial delivery of two counterfeit checks, drove away but remained nearby while those initial securities were inspected, returned to the meet location, personally handed over the remaining eighteen checks, and drove to another location in the parking lot pending completion of the transaction. These actions are sufficient for a rational trier of fact to conclude that Phan, as the driver, exercised joint "dominion and control" over the checks and thereby had constructive possession of them.

A jury could also have found that Phan exhibited an "intent to deceive," the second requirement for direct liability under the statute. Such an intent can be be inferred from the defendant's actions. *United States v. Lorenzo,* 570 F.2d 294, 299 (9th Cir.1978). A jury may ordinarily base intent on the assumption that a person intends the "natural and probable consequences of acts knowingly done or knowingly omitted." *United States v. Lord,* 711 F.2d 887, 892 (9th Cir.1983). Here, a jury could have concluded that Phan's actions, coupled with his acknowledgment that he "knew something illegal was going on" when he viewed the counterfeit checks, demonstrated his intent to deceive. Even if his actions are also consistent with those of someone who accompanied his friends on an excursion for purely social reasons, the question before this Panel is "not whether the evidence excludes every hypothesis except guilt, but whether the trier of fact could reasonably arrive at its conclusion," drawing all reasonable inferences in favor of the government. *United States v. Fleishman,* 684 F.2d 1329, 1340 (9th Cir.1982).

■ Alternatively, the jury could have found that Phan knowingly possessed counterfeit securities under an aiding and abetting theory. Under this theory, the government need not have proven that Phan ever possessed the checks himself, so long as it showed that *someone* possessed a counterfeit security and that Phan knowingly and intentionally aided that person to

commit a crime. *United States v. Cruz–Ventura*, 979 F.2d 146, 149 (9th Cir.1992). It is undisputed that Phan's two companions possessed the counterfeit checks. The jury could have found from Phan's actions that he intentionally aided his companions in committing the substantive offense. Therefore, under either a direct liability or an aiding and abetting theory, we find the evidence sufficient to support Phan's conviction.

### 2. Minimal/Minor Role Adjustment

We also conclude that the trial court did not err in refusing Phan's request to grant a four-level sentencing reduction based on the defendant's "minimal role" in the crime. A district court's finding that a defendant is not entitled to a minor or minimal role adjustment is reviewed for clear error. *United States v. Smith*, 282 F.3d 758, 772 (9th Cir.2002). The U.S. Sentencing Guidelines provide that the determination of whether a participant's role entitles him to a two-, three-, or four-level reduction is "heavily dependent upon the facts of the particular case." U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 cmt. n. 3(C) (2002). Here, the trial court's decision to subtract only two levels based on its finding that Phan played a "minor role" in the crime, rather than to grant a four-level reduction, was not clearly erroneous. Phan assisted in transporting the counterfeit checks to the meet location and in delivering them to the undercover government agents. The court could reasonably have concluded that Phan was less culpable than one of his co-defendants but not so significantly less culpable that he was entitled to a four-level reduction.

### 3. Sentencing Based on Value of Loss

Finally, we reject Phan's claim that the District Court erred in increasing his sentencing level based on the full $400,000 face value of the counterfeit checks in question. A district court's application of the Sentencing Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir.2002). Here, the jury expressly convicted Phan of possessing twenty counterfeit checks, each in the amount of $20,000. Therefore, the trial court did not abuse its discretion in sentencing Phan based on the full value of the counterfeit securities.

AFFIRMED.